Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Asociación de Propietarios de la Urb. Dorado Reef, Inc.<br><br>Recurrida<br><br>vs.<br><br>**Isabel María Freiría Escudero t/c/c Isabel Freiría de Álvarez**, Ángel Álvarez Pérez, Sociedad Legal de Gananciales Freiría-Álvarez, John Doe<br><br>Peticionaria | KLCE202401306 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2024CV00652<br><br>Sobre:<br><br>Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparece ante nos la señora Isabel María Freiría Escudero (Sra. Freiría Escudero o peticionaria), quien presenta recurso de *Certiorari* en el cual solicita la revisión de la "Orden" emitida el 28 de octubre de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el referido dictamen, el foro primario señaló vista evidenciaria para atender el reclamo de emplazamiento de la Sra. Freiría Escudero, y declaró No Ha Lugar parte de la "Solicitud de Relevo de Sentencia" presentada por la peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y revocamos la "Orden" recurrida

---
[1] Notificada el 29 de octubre de 2024.

Número Identificador

SEN2024 _____

en cuanto al No Ha Lugar a parte de la "Solicitud de Relevo de Sentencia" presentada por la peticionaria.

**I.**

Este caso tuvo su génesis cuando la señora Aida Ortiz Chéveres (Sra. Ortiz Chéveres o causante) suscribió un pagaré hipotecario a favor de Wilmington Savings Fund Society FSB (WSFS) sobre el inmueble ubicado en la Villa A-02 de la Urbanización Dorado Reef. Ulteriormente, la Sra. Ortiz Chéveres falleció dejando su propiedad con una deuda por concepto de cuotas de mantenimiento y de hipoteca.

Así las cosas, la Sra. Freiría Escudero, en un procedimiento ex parte, presentó una solicitud de adveración y protocolización del testamento ológrafo que la causante había dejado a su favor, donde esta última le legó la propiedad objeto de controversia en el caso de autos. Posteriormente, el foro primario declaró Ha Lugar la solicitud de adveración y protocolización del testamento ológrafo.

Por su parte, la Asociación de Propietarios de la Urbanización Dorado Reef, Inc. (Asociación o recurrida) presentó una interpelación contra la peticionaria, pues ésta no había aceptado ni repudiado el legado que le dejó la Sra. Ortiz Chéveres. En vista de lo anterior, el TPI declaró Ha Lugar la interpelación y le ordenó a la peticionaria que, dentro de un término de 30 días, aceptara o repudiara el legado. Debido a que, la Sra. Freiría Escudero no cumplió con la orden del foro primario, el mismo dictaminó que el legado quedaba aceptado.

A raíz de dicho dictamen**,** el 24 de enero de 2024, la Asociación presentó una "Demanda" en cobro de dinero contra la peticionaria. La recurrida alegó que, la Sra. Freiría Escudero le adeudaba la cantidad de $184,051.92 la cual se componía de las siguientes partidas: (1) $134,505.00 de cuotas de mantenimiento; (2) $12,474.00 de cuotas especiales; (3) $7,700.00 de penalidades;

(4) $29,372.92 de intereses aplicables a las cuotas de mantenimiento y cuotas especiales vencidas desde el mes de octubre de 2013 al mes de diciembre de 2024. De igual forma, le solicitó al TPI que se le impusiera a la peticionaria el 25% del total adeudado, en concepto de honorarios de abogado por temeridad y las costas del litigio.

El 25 de enero de 2024, se expidieron los emplazamientos correspondientes al caso de autos. Así pues, el 15 de abril de 2024, la Asociación presentó una "Moción Informativa Sobre Diligenciamiento de Emplazamientos" en la cual informó que, el 10 de abril de 2024, el Alguacil del TPI, Carlos Cintrón, diligenció el emplazamiento personal de la Sra. Freiría Escudero, haciendo entrega de éste al Licenciado Javier Rivera Longchamp (Lcdo. Rivera Longchamp). El Lcdo. Rivera Longchamp, alegadamente, se había identificado como agente autorizado por la peticionaria para recibir el emplazamiento.

Transcurrido el término reglamentario para que la Sra. Freiría Escudero presentara su alegación responsiva, el 13 de mayo de 2024, el TPI emitió y notificó una "Orden" en la cual le anotó la rebeldía a la peticionaria. En ese contexto, el 28 de junio de 2024, la Asociación presentó una "Solicitud de Sentencia en Rebeldía". En esencia, la recurrida solicitó: (1) la cantidad de $229,701.74, pues era una deuda vencida, liquida y exigible; (2) una cantidad adicional de $57,425.43 en concepto de honorarios de abogado por temeridad, y (3) resarcir las costas, intereses pre y post sentencia, y las costas de ejecución.

Así pues, el 1 de julio de 2024,[2] el TPI emitió una "Sentencia" en la cual dictaminó que la Sra. Freiría Escudero le correspondía (1) pagar la cantidad de $169,433.80 por concepto de cuotas de mantenimiento, cuotas especiales y penalidades dejadas de pagar

---

[2] Notificada el 9 de julio de 2024.

sobre la Villa A-02 de la Urbanización Dorado Reef, (2) la suma de $60,267.94 por intereses pactados conforme a la Escritura de Condiciones Restrictivas al mes de mayo de 2024, más la suma de $1,000.00 por concepto de honorarios de abogado; (3) las costas y gatos del litigio, y (4) la suma de las cantidades antes mencionadas habrán de devengar un interés legal al 9.50% según dispuesto por el Comisionado de Instituciones Financieras.

Luego de que el 22 de agosto de 2024 el TPI emitiera y notificara la orden de ejecución de sentencia, un día después se expidió el "Mandamiento sobre Ejecución de Sentencia". En el mismo, le requirieron al Alguacil del TPI embargar cuentas de cheques, ahorro, certificados de depósito, cuentas de corretaje, así como cualquier otra cuenta bancaria de la peticionaria.

En vista de lo anterior, el 24 de septiembre de 2024, la Sra. Freiría Escudero presentó una "Solicitud de Relevo de Sentencia". En dicha solicitud, sin someterse a la jurisdicción del foro primario, alegó que la "Sentencia" que el TPI dictó era nula por las siguientes razones: (1) la recurrida omitió acumular a WSFS, como parte indispensable en el pleito, pues éste era acreedor hipotecario con derecho registrado sobre la propiedad objeto de controversia; (2) el TPI no adquirió jurisdicción sobre su persona, debido a que, no fue emplazada conforme a derecho, pues el emplazamiento fue realizado a través del Lcdo. Rivera Longchamp, sin su autorización expresa, y (3) que las condiciones restrictivas de la Urbanización Dorado Reef eran claras al disponer que las cuotas de mantenimiento eran una obligación *in rem,* que recaían sobre la propiedad y no sobre los sucesores en derecho de la titular anterior, salvo que estos asumieran dicha obligación.

Tras la oposición de la Asociación a la "Solicitud de Relevo de Sentencia" presentada por la peticionaria, el 28 de octubre de

2024,[3] el TPI emitió una "Orden" donde señaló vista evidenciaria el 29 de enero de 2025 para atender la reclamación de insuficiencia del emplazamiento. No obstante, declaró No Ha Lugar los demás argumentos levantados por la Sra. Freiría Escudero en su solicitud de relevo, específicamente aquellos sobre falta de parte indispensable y que las condiciones restrictivas no le aplicaban, por ser una obligación *in rem*.

Inconforme con lo anterior, la peticionaria recurre ante este foro apelativo intermedio y alega la comisión de los siguientes errores, a saber:

*Primer Error: Erró el Tribunal de Primera Instancia, inducida a error por omisiones intencionales de la Asociación de Residentes de Dorado Reef, al no considerar que la Sra. Freiría nunca logró completar los trámites necesarios para transferir formalmente la titularidad de la propiedad a su patrimonio; al igual que ignoró la omisión de acumular al acreedor hipotecario, quien en comparación con la Recurrente sí es una parte indispensable con un interés directo y significativo en la propiedad objeto del litigio.*

*Segundo Error: Erró el Tribunal de Primera Instancia al haber señalado una vista evidenciaria sobre el diligenciamiento del emplazamiento permitiendo que la recurrida subsane su error retroactivamente.*

*Tercer Error: Erró el Tribunal de Primera Instancia al pronunciarse sobre una alegada deuda vinculada a un derecho hereditario que no podía materializarse debido a una sentencia previa que disponía de la única propiedad objeto del legado hereditario, asunto que fue ocultado a dicho Tribunal por la Parte Recurrida.*

Mediante "Resolución" emitida el 5 de octubre de 2024, concedimos a la recurrida un término a vencer el 12 de diciembre de 2024, para que sometiera su alegato en oposición. Transcurrido en exceso dicho término, sin que la recurrida se expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolver sin el beneficio de su comparecencia.

---

[3] Notificada el 29 de octubre de 2024.

**II.**

**-A-**

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el foro primario cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Por su parte, nuestro Alto Foro ha expresado que el auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Si bien el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4

LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluara tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

### III.

En el presente caso, el TPI emitió una "Orden" mediante la cual señaló vista evidenciaria el 29 de enero de 2025 para atender el reclamo de emplazamiento de la Sra. Freiría Escudero y, a su vez, declaró No Ha Lugar la "Solicitud de Relevo de Sentencia" en

cuanto a los argumentos de falta de parte indispensable y que las condiciones restrictivas no le aplicaban, pues disponían que las cuotas de mantenimiento eran una obligación *in rem*, que recaían sobre la propiedad y no sobre los sucesores en derecho de la titular anterior, salvo que estos asumieran dicha obligación.

En su escrito, la peticionaria adujo que, el diligenciamiento del emplazamiento a su persona fue contrario a derecho, debido a que, no facultó al Lcdo. Rivera Longchamp como agente autorizado para recibir el mismo. Acorde lo anterior, la peticionaria arguyó que, el TPI estaba impedido de adquirir jurisdicción sobre su persona.

Analizado el expediente en su totalidad y la posición de la peticionaria, ciertamente, el TPI erró en tanto y en cuento resolvió la "Solicitud de Relevo de Sentencia" parcialmente, sin antes atender el asunto del emplazamiento. Tratándose de una cuestión jurisdiccional, el foro primario debió dejar en suspenso dicha solicitud hasta que se llevara a cabo la vista evidenciaria señalada y resolviera si el emplazamiento fue conforme a derecho, pues de eso depende si hay o no jurisdicción para atender la solicitud de relevo. En otras palabras, actuó prematuramente el foro recurrido al atender los demás fundamentos incluidos en la "Solicitud de Relevo de Sentencia", sin antes cerciorarse de que, en efecto, posee jurisdicción sobre la persona de la Sra. Freiría Escudero.

Por las razones que anteceden, confirmamos la vista del 29 de enero de 2025 a los fines de que, en dicha vista se atienda el asunto del emplazamiento y se dilucide si hay o no jurisdicción sobre la persona de la peticionaria. Una vez resuelto el asunto del emplazamiento, el foro primario se encontrará en posición de atender la "Solicitud de Relevo de Sentencia" en su totalidad.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y revocamos la "Orden" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, en cuanto al No Ha Lugar a la "Solicitud de Relevo de Sentencia" presentada por la peticionaria. Se devuelve el caso al foro primario para que celebre la vista evidenciaría señalada y, una vez atienda el asunto de la insuficiencia del emplazamiento, resuelva la "Solicitud de Relevo de Sentencia" en su totalidad.

El Juez Adames Soto concurre sin voto escrito.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones